UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYLAND DILTS,

    Petitioner,                                     Hon. Janet T. Neff

v.                                                  Case No. 1:13-CV-907

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION**

This matter is before the Court on Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. (Dkt. #24). As discussed herein, Petitioner's motion is **granted**.

On or about March 29, 2010, Petitioner was convicted of eleven counts of criminal sexual conduct and assault with intent to commit criminal sexual conduct. (Dkt. #25). Petitioner unsuccessfully challenged his convictions in state court. Petitioner filed the present petition asserting several claims which were not properly exhausted in state court because, according to Petitioner, his attorney refused to assert such on appeal. Petitioner now requests that the Court stay the present action so that he can return to state court to exhaust the claims in question.[1]

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v.*

---

[1] Petitioner has twice previously requested that this matter be stayed. Both of these requests were denied, however, as Petitioner failed to make the requisite showing.

*Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

While the Court *may* stay a habeas action to permit a petitioner the opportunity to return to state court to properly exhaust a claim, the Supreme Court has warned that such "should be available only in limited circumstances" so as to not undermine the goals of the AEDPA. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, granting a request for a stay in such circumstances should be granted only where: (1) Petitioner has demonstrated good cause for his failure to exhaust the claim(s) at issue; (2) the unexhausted claims are potentially meritorious; and (3) Petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 278; *see also*, *Wiedbrauk v. LaVigne*, 174 Fed. Appx. 993, 999 (6th Cir., May 17, 2006). Petitioner has made the requisite showing. Accordingly, the Court hereby **grants** Petitioner's motion to stay the present matter to permit him an opportunity to return to state court to properly exhaust the claims in question, **provided that Petitioner complies with the instructions detailed below**.

## CONCLUSION

Within 30 days of this opinion and order, Petitioner must return to state court to exhaust his state court remedies with respect to the unexhausted claims identified in the present motion. Within 45 days of this opinion and order, Petitioner must submit to this Court an affidavit setting forth the date on which he filed a motion for relief from judgment in the state court and the claims raised in that motion. If Petitioner fails to file this affidavit within the time provided, the Court will not stay the present matter, but will instead address Dilts' petition as originally filed. Upon receipt of Petitioner's affidavit, the Court will stay this matter and administratively close this case until Petitioner properly

exhausts his unexhausted claims. Once Petitioner has exhausted his state court remedies, he must file an amended petition with this Court within 30 days of the final decision by the Michigan Supreme Court, at which point the Court will take up the merits of his petition.

An order consistent with this Opinion will be entered.


Date: March 10, 2016                                              /s/ Ellen S. Carmody
                                                                              ELLEN S. CARMODY
                                                                              United States Magistrate Judge